Good morning, your honors. Allow me to introduce myself. My name is Scott Hubbard. I represent plaintiff and appellant Chris Kohler. This is a relatively straightforward appeal regarding Valdez versus, or excuse me, the use of expert testimony and precise measurements to secure ADA claims. I think Strong v. Valdez says that you can't, or more accurately that the judge erred as a matter of law in saying that plaintiff's failure to provide precise measurements and expert testimony. You can answer a question for me that I should know and I don't. Was Valdez a jury trial? No, it went out at summary judgment and the judge struck our evidence because plaintiff did not disclose himself as an expert. No, I ask only because it would seem to me that there's more risk of having an expert testify to a legal conclusion in a jury trial than in a non-jury trial. And I reference this in my brief. I'm not entirely certain CASP inspectors qualify as experts. But this case does have a wrinkle insofar as their CASP inspector says that you measure disabled parking spaces across the entire length of the parking lot, averaged out and not just single spots. I have to disagree with that for the reasons set forth in my brief, just because what averages out as level isn't level, or sometimes isn't level. And unless the court has any further questions for me, I'll reserve the rest of my time. Well, let me just ask one question. I don't mean to oversimplify, but basically it's your position, or is it your position, that the precedence of Strong and Chapman and Duran would require us to affirm, or rather to reverse here, because expert testimony wasn't needed and he didn't have to encounter every barrier? Yes. And I would take it one step further. Normally, under normal circumstances, I would say remand it back to the district judge to reconsider in light of Strong. But my fear is that if you send it back to the district judge without saying that the plain text of the ADAG says that you measure 2% slope in any direction and not over the average length of the entire parking lot, I'm going to wind up right back here in four years. So I think the judge needs to, we need a ruling on that issue of law. And with that I'll submit, or not submit, I'll reserve the rest of my time. Good morning, Your Honor. My name is Marie Bankhead. I'm representing the appellees that own a small shopping center in San Diego in this ADA case. As the court is aware, this 2013 summary judgment was granted before the decision in Strong v. Valdez came down. So there are really two issues on this appeal. One is whether the plaintiff has established and proven standing as provided in Chapman. We don't think he did, which is an alternative grounds to affirm the summary judgment that was granted in the case. And the other is whether Strong has, whether summary judgment can still be affirmed in light of the Strong decision. And our position is it can. Let me turn just briefly on the standing issue with Chapman, which I'm sure the court is well aware. Chapman made it very clear that at every stage of the proceeding, the plaintiff has got to plead and then prove that his disability was, or that his ability to use the center was affected by the particular disability that he might have. Those should be pleaded in the complaint. They weren't. They should have been disclosed in the discovery responses, and they were not. But most important for this appeal, they're not contained anywhere in the declaration of Mr. Kohler. Mr. Kohler's declaration is also deficient in one very large respect. We're dealing with a remediation case. Mr. Kohler's declaration, and this is an issue I did not highlight in my brief, and I apologize, but it is in the record. His declaration relates to the condition of the property before the remediation. Therefore, it's completely irrelevant to whether or not this property has been remediated, and in such a case, it's moved. The issue is removed. The other issue that's deficient in Mr. Kohler's pleadings and his declaration is he never ties the parking spaces, because that's what we have on appeal. We're dealing with parking spaces and access aisles to those spaces. He never ties them to his disability. He never says he drove there. He never said he was driven there. For all we know, he arrived at a bus or he came off the public right-of-way, in which case, he can't raise these issues because he suffered no injury in fact. The other standing issue, which is present in Chapman, is the fact that he's got to allege that he was intending to come back to the center, either that he was deterred from coming back and that he otherwise would have come there. His declaration is silent on that. For all we know, he'll never come to this center again. If that's the case, the district court had no basis on which it could ever issue an injunction against these defendants. Let me turn now, if I can, to the Strong case. First, as I pointed out, Mr. Kohler's declaration concerns events way before the remediation, so it's really irrelevant. There are then two other declarations that counsel submitted, and they both have procedural problems as well as substantive. The procedural problems are, let me start with Mr. Wu. Mr. Wu's declaration says on its face it was submitted in support of their motion for summary judgment. It was not submitted in opposition to our motion for summary judgment. That's the procedural difficulty with it. Does that make a difference? Well, I'll address the substantive measures as well. I think it does, but the court considered it below, so I'm going to address the problems with the Wu declaration. The Kasem declaration, oddly enough, is not relied on an appellant's opening brief. It flies in as part of the reply, so that's why my brief did not address the Kasem declaration. It addressed only the Wu. But our comments apply to both. So if the court is inclined to consider both declarations, I'll explain why I think they're problematic and why the district court got it right. These two individuals are essentially experts. They're undisclosed experts. They're not lay witnesses. They are not showing up and testifying about what they perceive. They are performing a function. They are measuring. At the very fundamental level, every witness has to lay a foundation for their testimony. Lay or expert. There is absolutely no foundation laid for Mr. Wu or Mr. Kasem from which the district court could conclude that they knew what they were doing. It's just completely absent in both of those declarations. And as a result, it's our position the district court got it right. It was not required to consider whatever evidence is in those declarations. Now I believe they're experts. I don't think that they're bringing technical knowledge to bear. And so under the rules, they should have been disclosed. But at the very least, if they somehow slide in as undisclosed experts, they should have laid enough foundation so the district court could see what they did and how they did it. I thought they were just lay witnesses. Friends of the plaintiff who happened to be there and did measurements which anybody can do. They might have been, Your Honor. That doesn't really say what they are. But that's the crux of the problem. If they're going to take an electronic device and use it to measure an ADA parking space, there are several things at a minimum they have to do. I'm not suggesting they have to be architects or engineers, but they have to be competent and they have to lay the foundation for how they got to where the measurements should be credible. They have to make sure that their instrument is calibrated and explain that they did that. Neither one of the declarations do that. They have to say how they made the measurement, where they made the measurement. They have to say that it's clear of debris. That's a fundamental problem in these cases is that because you're dealing with almost infinitesimal differences. A one-sixteenth of an inch over a two-foot level is the difference between a 2.1 and a 2.0. Those aren't visible to the naked eye, so it requires proper measurement and by someone who knows what they're doing. They don't lay down any of that expertise that would allow the district court to grant any credibility to their testimony. Wouldn't it make sense to remand this to the district court for the district judge to explore the issues which you're raising? They already did and I don't think Strong has anything that affects the district court's decision and here's why. What was interesting about Strong, as you will recall, is Strong testified about what his expert did. Everybody seemed to acknowledge that an expert performed some measurements, but he was not designated timely and they allowed Mr. Strong to testify about what he saw his expert do. We don't have that in this case. Mr. Kohler is not testifying about what an expert did. His testimony is a year before the remediation, so the only issue the district court is concerned with is whether it was remediated. On the one hand, he has a CASP expert and despite what my opposing counsel says, the legislature in California has determined that a CASP expert is an expert. He's got to demonstrate a certain amount of skill and knowledge to be able to go out and assess properties for plaintiffs and defendants. The defendant's expert did that, but he didn't simply say, I'm a CASP expert, believe what I have to tell you. He laid out what he did. He calibrated his machine. He went out there to measure it properly. He made sure there was no debris that would affect the conclusion and determined that these spaces had in fact been properly remediated. I think Appellant's reply brief actually supports our position that these really aren't and can't be lay witnesses. On page 21 of his reply brief, he talks about what he considers to be difficulties in the rise over run methodology, that there could be surface imperfections that apparently should be taken into account when someone is trying to determine whether a parking space or an access aisle is ADA compliant. I agree with him on that, but only an expert, someone knowledgeable about the law, construction and measuring is capable of doing that. A lay witness who shows up with no expertise and throws a level on the ground isn't. And without that background, the district court, within his discretion, had the absolute right not to accept these declarations and Strong didn't change that at all. So your position is Strong says you don't need an expert, but these people were experts and they weren't qualified. That's part of it, although I don't think Strong goes so far as to say you don't need an expert. For some things you don't need an expert, but other things, when it comes to measuring the difference between a 1.9, a 2.0 and a 2.1, you at least have to have someone competent who can measure that and reach a conclusion. The naked eye isn't going to do it. I don't care who the individual is. It's a digital level. If it's properly calibrated and there's no debris, it's a digital level. And what's interesting about Strong is that because there's an expert involved, it sort of tacitly admits that an expert is needed to make those measurements because Mr. Strong is simply testifying about what his expert did and presumably the expert did it right or at least he raised the issue. In this case, you're completely at a loss to know what the heck these two guys, who they are, what they did, how they did it. To me, this isn't as much an ADA case as sort of a traditional district court discretion case. They have the discretion to decide which evidence is admissible and which isn't. The judge decided not to consider these declarations that are conclusions. You're not suggesting that a plaintiff can get away from the necessity of an expert by watching what the expert does and just testifying to his own observations, which necessarily involves hearsay. No, I mean it does involve hearsay and there's some problems that we trial lawyers have with the Strong opinion that seems to suggest that when evidence is being weighed at a time of trial, it's very difficult to see how a witness who witnesses an expert is really able to even be cross-examined. He doesn't know what the guy did or how he did it or whether it was wrong or not and will probably always lose at trial. But here, because it was a summary judgment motion, we don't even have to get to that issue because the judge is looking at evidence and deciding, have you laid the proper foundation for these two witnesses? And frankly, they haven't. And you can call them experts or lay. I think the trial judge got it right that he came to the same conclusion. There are insufficient foundations for these people to testify about something like this. So, I just want to make sure the court doesn't lose sight of it. We have a case here where the defendant's shopping center, they remediated the problem. They hired an architect to assist them. They paid a contractor to do the work and then hired a CASP expert in California to come out and certify that it was done correctly so they wouldn't have any other problems in this case or with any other defendant. That's exactly what the ADA law is supposed to do. And to keep this defendant in it because they're throwing things against the wall with experts or lay witnesses without foundation doesn't serve the purpose of the ADA. Thank you. Good morning again. Does the court have any questions? Let me make sure I understand the facts here. Your witness's testimony that the slope doesn't comply, was that done after the remediation? It was, Your Honor. It was done in direct response to the defense's new evidence at summary judgment that they had fixed the problem unbeknownst to us. And when the district court says it's subject to evidentiary objections that there would be a conflict at summary judgment, is that after the remediation? If memory serves, Wu and Kasim went there after the remediation, put down their SMART levels and said, there's still barriers here, Your Honor. They took a picture. They measured the slope, took a picture, and then put it in front of the judge. And then the judge said, I'm not going to consider it because they're untimely experts and undisclosed. Recognizing that an expert wasn't required, why wasn't this witness an expert? At the very least, you have to testify that the level is calibrated. Because if you read Valdez, there are just certain things that don't require expert testimony. Slope. That's not my question. Why wasn't this person an expert? Philosophically, we don't hire experts because you don't need experts to take measurements. If you listen to the Strong v. Valdez oral argument, there is a discussion about Judge Kleinfeld and his wife measuring cabinets. And if she's taking a measurement and he's writing it down, does it matter if she's not an expert? He was one of the judges. If it's not a digital, it's not an electronic. The digital, the slope, this is a credibility issue, frankly. Why? It has to be calibrated. If they said, well, the measurements are off because it wasn't calibrated properly. How do they know? Well, over at the summary judgment stage, all we have to do is get the ball over the plate. You're not suggesting that summary judgment is any different from motion for judgment as a matter of law, are you? No, not at all. I'm saying that viewing the evidence in a light most favorable to the plaintiff, with all inferences drawn reasonably therefrom, that they did, in fact, do this remediation without our knowledge, incorrectly, and left barriers there. And there's a dispute of fact whether or not two witnesses who went there with smart levels put the smart levels down on two separate occasions and found barriers, whether or not their measurements should be considered credible. I hear you, but I actually was with you. But if the calibration issue and getting rid of debris seems to me to necessarily imply some degree of expertise. No. And let me talk about getting rid of debris. If you look at the photos we submitted, there wasn't any debris under that. It's a red herring. Calibrating it properly, I don't have a good answer for that right now because we didn't brief that subject. They didn't raise it below, and so it was never presented. So I don't know what the answer to that was. I can do a Rule 28J letter if the court would like. Their argument below was you needed expert testimony. And so that argument was taken care of in Strong v. Valdez. The only other thing I would like to add, or maybe not the only thing, is that nothing in Strong v. Valdez says that the source of Strong's knowledge was an expert. It just wasn't. As a matter of fact, it runs antithesis to our entire point where you don't need an expert for such basic, everyday things like slope and inches and level or height. These are things that, like I said before, my 11-year-old is measuring, for crying out loud. To say that you need an expert testimony for that, I think that might be a bridge too far. Mr. Halberd, let me ask a question, if I may, please. Yes, Your Honor. I'm sure I understand what relief you're seeking. Are you asking us to vacate the summary judgment and remand it so the district court could consider the evidence of Mr. Kohler, Mr. Wu, again in light of Strang, and say they don't have to be experts in light of Strong, I guess? Or are you asking us to reverse it and say that not only do they not have to be experts, but their testimony was admissible, so a trial was necessary? Maybe there are more than two possibilities. I was going to say, Your Honor. At least as between those two, which is it that you're urging us to do? I think both get the ball where it needs to be. Did either get the ball where it needs to be? I think that, yes, because the judge below, Judge Miller, made his decision based on the inadmissible testimony of experts. Does that mean, Judge Kohler gave you two pretty clear options. You're satisfied with remanding and telling the district judge that an expert is not necessary and he should now reconsider his ruling? That is what I said at the start of oral argument. So suppose he... Excuse me, Your Honor. With the caveat that there should be some instruction on measuring disabled parking spaces. Suppose a district judge were to reconsider and decide that, in fact, the proper testimony was expert testimony, although it wasn't required that, in fact, it was expert testimony and it was inadmissible on summary judgment. Would that be okay? Now, when you say the proper... No, no, no, no. I think it's a very good question. And if we remand it to the district judge to say, look, take a look at this testimony in the light of Strong. An expert is not required. But the district judge concludes it's not required, but that's really what the plaintiff offered. And it's inadmissible. Then I think we... And then would grant summary judgment. You'd be back here again. I know that. But could he do that? He could do that, and I would be right back here. And so there was one other point I wanted to make as you were talking, Judge Motsen, for the life of me. It's been two and a half hours, and my brain is just fried. So it'll probably come to me on the ride home. And asking the questions and answering them. So since I have three and a half minutes, let me see if I can remember the final point I wanted to make. Oh, Kohler's declaration. Yes, defense says that he didn't allege in his declaration doesn't include any... are deficient because he never ties the parking to his disability. On that point, I would direct the court to ER 38 and ER 41. Both of them include some pretty detailed description of how excessive slope affects my client, how it causes, to no one's surprise, his wheelchair to roll away. And unless the panel has any further questions for me, I'd submit. Thank you, counsel. The case is very good. It's submitted.
judges: Motz, Reinhardt, Gould